IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM MICHAEL GILROY, <br><br>　　　　　Plaintiff, <br>　v. <br><br>KELDEN WALTJEN, et al., <br><br>　　　　　Defendants. | CIV. NO. 25-00012 JMS-WRP <br><br> ORDER OF REMAND |

## ORDER OF REMAND

On January 8, 2025, William Michael Gilroy ("Gilroy"),[1] acting pro se, filed a Notice of Removal of a criminal case, *State of Hawaii v. William Gilroy*, currently pending in the Third Circuit Court of the State of Hawaii.  ECF Nos. 1 & 2; *see also State v. William Gilroy,* No. 3DTC-24-200012 (Haw. 3rd. Cir. Ct.) (*see* https://www.courts.state.hi.us/legal_references/records/jims_system_availability; follow "eCourt Kokua"; then follow "Case Search" for Case ID 3DTC-24-200012) (last visited January 14, 2025).[2]  For the following reasons, the court concludes that Gilroy's criminal case is not subject to removal to this court.

---

　　[1] In his Complaint, Gilroy refers to himself as "h.l.william-m.:gilroy" or "William-Michael :Gilroy."  *See* ECF No. 1 at PageID.1.  His legal name, which Gilroy calls a "fiction" or "trade name" is William Michael Gilroy.  *Id*. at PageID.1 & 32.

　　[2] The state court docket in 3DTC-24-200012, *see* ECF No. 2-3, reflects that Gilroy was charged by the State of Hawaii on November 20, 2024, with two offenses: (1) Driving Without a

*(continued . . .)*

A state criminal prosecution may be removed to federal court only under narrow circumstances set forth in 28 U.S.C. §§ 1442–43, and pursuant to the procedures for removal set forth in 28 U.S.C. § 1455.  Section 1455(a) requires the defendant in a state court criminal prosecution seeking removal to file a "notice of removal."  And § 1455(b)(4) requires that upon filing of the notice, the district court "shall examine the notice promptly" and issue "an order for summary remand" "[i]f it clearly appears on the face of the notice and exhibits annexed thereto that removal should not be permitted."  Further, "[r]emoval . . . statutes are 'strictly construed,' and a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'"  *Haw. ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008)).

Gilroy has complied with § 1455(a)—that is, he has filed a "notice of removal" with this court.[3]  But after a review of the notice of removal, the court

---

License in violation of Hawaii Revised Statutes ("HRS") § 286-102; and (2) and Driving Without Motor Vehicle Insurance in violation of HRS § 431:10C-104.  The court takes judicial notice of these state court proceedings.  *See, e.g.*, *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (stating that a court "may take [judicial] notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (quotation marks and citation omitted).

[3]  In support of his notice of removal, Gilroy also cites 28 U.S.C. § 1441 (governing the removal of civil actions to federal court); 28 U.S.C. § 1331 (providing federal court jurisdiction

(continued . . .)

concludes that it "clearly appears on the face of the notice and [] exhibits annexed thereto that removal should not be permitted." 28 U.S.C. § 1455(b)(4).

Section 1442 applies to the prosecution of federal officers for acts done in furtherance of their official duties, and § 1442a applies to the prosecution of certain cases by members of the United States armed forces. Here, Gilroy has not alleged that he is a federal officer, or a member of the United States armed forces—thus, neither 28 U.S.C. §§ 1442 nor 1442a apply.

Section 1443(1) authorizes removal where the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons with the jurisdiction thereof . . . ." To remove a state criminal prosecution under § 1443(1), a two-part test applies:

> First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.

---

over civil actions arising under the "Constitution, laws, or treaties of the United States"); and 28 U.S.C. § 1367 (governing supplemental jurisdiction). *See* ECF No. 1 at PageID.3–5. None of these provisions permits the removal of criminal cases from state court to federal court.

*Patel v. Del Taco, Inc.*, 446 F.3d 996, 998–99 (9th Cir. 2006) (internal citations and quotation marks omitted), *abrogated on other grounds by BP P.L.C. v. Mayor & City Council of Baltimore*, 593 U.S. 230 (2021); *see also Georgia v. Rachel*, 384 U.S. 780, 788–92 (1966); *City of Greenwood, Mississippi v. Peacock*, 384 U.S. 808, 824–28 (1966); *Hankins v. Bryant*, 2023 WL 2254918, at *1 (S.D. Cal. Feb. 27, 2023).

Here, Gilroy has not identified any state law or constitutional provision that denies him the opportunity to raise a federal right in state court, and he has likewise failed to show that he will be unable to enforce a federal right in state court.

Next, § 1443(2) authorizes removal "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." This provision "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood, Mississippi*, 384 U.S. at 824. This case does not fall under § 1443(2).

For the foregoing reasons, removal is not permitted by law. Nothing indicates Gilroy might be a federal officer under § 1442, and there is no plausible indication that § 1443 could apply. Accordingly, Gilroy has clearly failed to

establish a valid basis for removal, and thus summary remand is warranted.[4] The Clerk of Court shall close this case and provide a copy of this Order to the Clerk of Court, Circuit Court of the Third Circuit, State of Hawaii.

    IT IS SO ORDERED.

    Dated: Honolulu, Hawaii, January 14, 2025.



        /s/ J. Michael Seabright
        J. Michael Seabright
        United States District Judge

---

[4] Even if Gilroy could remedy the defects set forth in this Order, he has waived his right to do so. *See* 28 U.S.C. § 1455(b)(2) (providing that a notice of removal must contain "all grounds for such removal," that the "failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds," and that a "second notice may be filed only on grounds not existing at the time of the original notice"). Further, Gilroy is familiar with the law set forth in this Order—in September 2019, he removed a pending State of Hawaii criminal matter which this court remanded. *See* Cr. No. 19-00479 JMS-RT, ECF No. 5.